UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA
WILLIAMSPORT DIVISION

| | |
|---|---|
| **William C. Toth Jr.**; **William J. Hall**; **James Bognet**; **Alan M. Hall**, | |
| Plaintiffs, | |
| v. | |
| **Lehigh M. Chapman**, in her official capacity as Acting Secretary of the Commonwealth; **Jessica Mathis**, in her official capacity as Director for the Pennsylvania Bureau of Election Services and Notaries; **Tom Wolf**, in his official capacity as Governor of Pennsylvania, | Case No. _____ |
| Defendants | |

## COMPLAINT

The state of Pennsylvania lost a congressional seat in the most recent decennial census. The Pennsylvania legislature must therefore draw a new congressional map for the 2022 elections. Under the U.S. Constitution, the "legislature" in each state is charged with prescribing the "times, places, and manner" of electing Senators and Representatives, although Congress may enact laws to "make or alter such regulations." *See* U.S. Const. art. I, § 4, cl. 1 ("The

Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations."). That means the state legislature must either enact a new congressional map or delegate its map-creation authority to another institution. *See, e.g.*, *Arizona State Legislature v. Arizona Independent Redistricting Commission*, 576 U.S. 787 (2015).

The Pennsylvania legislature, however, has not yet enacted a congressional map for the 2022 elections. Although the General Assembly passed a new congressional map earlier this year, it was vetoed by Governor Wolf. *See Smiley v. Holm*, 285 U.S. 355 (1932) (redistricting legislation that is vetoed by the governor is not "prescribed . . . by the Legislature" within the meaning of the Elections Clause). In the meantime, a group of litigants has repaired to state court in the hopes of inducing the Supreme Court of Pennsylvania to impose a congressional map for the 2022 elections—and the state supreme court has scheduled oral arguments on this matter for February 18, 2022. But any map imposed by the state supreme court would be flatly unconstitutional. The Elections Clause says that "the Legislature"—not the judiciary—must "prescribe" the manner of electing representatives, and the General Assembly has not authorized the state judiciary to draw congressional maps or participate in the redistricting process in any way. The state judiciary must therefore wait for the General Assembly to act. And any attempt by the state judiciary to usurp the legislature's constitutionally assigned role must be disregarded by

state officials, who are compelled to honor the Elections Clause over any contrary edicts that might emanate from a state court.

If the General Assembly fails to enact a new congressional map in time for the 2022 elections, then the remedy is set forth in 2 U.S.C. § 2a(c): The state's congressional delegation shall be elected at-large:

> Until a State is redistricted in the manner provided by the law thereof after any apportionment, the Representatives to which such State is entitled under such apportionment shall be elected in the following manner: . . . (5) if there is a decrease in the number of Representatives and the number of districts in such State exceeds such decreased number of Representatives, they shall be elected from the State at large.

2 U.S.C. § 2a(c). The Elections Clause requires state officials to implement this congressional instruction if the General Assembly fails to enact a new congressional map in time for the 2022 elections. Congress, in enacting 2 U.S.C. § 2a(c)(5), has "ma[de] . . . Regulations" that govern the election of representatives pursuant to its authority under the Elections Clause, and state election officials are constitutionally obligated to follow this congressional command over any contrary instructions that might appear in a state-court ruling.

The notion that the Supreme Court of Pennsylvania can replace the fallback regime that Congress has established in 2 U.S.C. § 2a(c)(5) with a congressional map of its own creation violates the Constitution in at least two respects. First, it usurps the authority that the Elections Clause assigns to the state legislature, because the Elections Clause gives "the Legislature" and not the judiciary the power to "prescribe" the manner of electing representatives.

Second, it usurps the authority that the Elections Clause confers upon Congress, because Congress has enacted a statute requiring Pennsylvania's representatives to be elected at large if the General Assembly fails to enact a map in time for the 2022 elections. The Court should therefore enter declaratory and injunctive relief that compels the defendants to hold at-large elections for the 2022 Pennsylvania congressional delegation, notwithstanding any ruling that might issue from the Supreme Court of Pennsylvania, unless and until the General Assembly enacts a new congressional map.

## JURISDICTION AND VENUE

1.  The Court has subject-matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

2.  Venue is proper in this district and division because a substantial portion of the events or omissions giving rise to the present claim occurred in this district and division. *See* 28 U.S.C. § 1391(b)(2).

3.  The plaintiffs request a three-judge panel under 28 U.S.C. § 2284(a) because this action is challenging to the constitutionality of the apportionment of congressional districts.

## PARTIES

4.  Plaintiff William C. Toth Jr. is a resident of Columbia County and a registered voter in Pennsylvania.

5.  Plaintiff William J. Hall is a resident of Lycoming County and a registered voter in Pennsylvania.

6.   Plaintiff Jim Bognet is a resident of Luzerne County and a Republican candidate for Congress. He is also a registered voter in Pennsylvania.

7.   Plaintiff Alan M. Hall is resident of Susquehanna County and a member of the Susquehanna Board of Elections. He is also a registered voter in Pennsylvania.

8.   Defendant Lehigh M. Chapman is Acting Secretary of the Commonwealth of Pennsylvania. She may be served at 302 North Office Building, 401 North Street Harrisburg, Pennsylvania 17120. Acting Secretary Chapman is sued in her official capacity.

9.   Defendant Jessica Mathis is Director for the Pennsylvania Bureau of Election Services and Notaries. She may be served at 210 North Office Building, 401 North Street Harrisburg, Pennsylvania 17120. Director Mathis is sued in her official capacity.

10.   Defendant Tom Wolf is the governor of Pennsylvania. He may be served at the Office of the Governor, 508 Main Capitol Building, Harrisburg, Pennsylvania 17120. Governor Wolf is sued in his official capacity.

## FACTS

11.   Before the 2020 census, the state of Pennsylvania had 18 seats in the U.S. House of Representatives.

12.   The results of the 2020 census left Pennsylvania with 17 seats in the U.S. House of Representatives, one less than before. *See* U.S. Dept. of Commerce, Table 1. Apportionment Population and Number of Representatives by State: 2020 Census.

13.    Under the Elections Clause of the U.S. Constitution, "the Legislature" of Pennsylvania must prescribe the "manner" by which its representatives are elected, while Congress "may at any time by Law make or alter such Regulations." U.S. Const. art. I, § 4, cl. 1; *see also id.* ("The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State by the Legislature thereof; but the Congress may at any time by Law make or alter such Regulations."). The powers conferred by the Elections Clause include the prerogative to draw a new congressional map in response to the decennial census.

14.    On August 20, 2021, the census-block results of the 2020 Census were delivered to Governor Wolf and the leaders of the General Assembly, which allowed the legislature to begin the process of drawing a new congressional map.

15.    On December 15, 2021, the House State Government Committee approved a new congressional map (HB 2541), in a 14-11 vote. The General Assembly eventually passed HB 2541, but it was vetoed by Governor Wolf on January 26, 2022.

16.    On December 17, 2021, eighteen voters filed a lawsuit in the Commonwealth Court of Pennsylvania, asking the state judiciary to impose a map for the 2022 congressional elections. *See* Exhibit 1. Later that day, a separate group of twelve voters filed a similar lawsuit in the Commonwealth Court.

17.   The Commonwealth Court of Pennsylvania is the court of original jurisdiction for lawsuits involving the state and its officials. It has a 6-3 Republican majority.

18.   The Commonwealth Court consolidated the two redistricting cases on December, 20, 2021, and the cases were assigned to Judge Patricia McCullough, a Republican.

19.   On December 21, 2021, the petitioners in those cases filed an application for extraordinary relief in the Supreme Court of Pennsylvania, asking the state supreme court to exercise extraordinary jurisdiction over the case. *See* Exhibit 2.

20.   The Supreme Court of Pennsylvania has a 5-2 Democratic majority.

21.   On January 10, 2022, the state supreme court declined to invoke its extraordinary jurisdiction and denied the application for extraordinary relief without prejudice. *See* Exhibit 3.

22.   On January 14, 2022, Judge McCullough ordered all parties and intervenors to submit proposed maps and expert reports by January 24, 2022. Judge McCullough also scheduled an evidentiary hearing for January 27 and 28, 2022, and announced that if the General Assembly "has not produced a new congressional map by January 30, 2022, the Court shall proceed to issue an opinion based on the hearing and evidence presented by the Parties." *See* Exhibit 4.

23.   On January 26, 2022, Governor Wolf vetoed HB 2541, a congressional map that had been approved by the General Assembly.

24.   On January 27 and 28, 2022, Judge McCullough presided over the evidentiary hearings that had been scheduled in her order of January 14, 2022.

25.   On January 29, 2022, the petitioners in the state redistricting lawsuit filed a new "emergency application" with the Supreme Court of Pennsylvania, asking the state supreme court to immediately exercise "extraordinary jurisdiction" and take over the redistricting litigation from Judge McCullough. *See* Exhibit 5.

26.   On February 1, 2022, Judge McCullough announced that her ruling in the redistricting cases will issue no later than February 4, 2022.

27.   On February 2, 2022, before Judge McCullough had issued her ruling, the Pennsylvania Supreme Court granted the application to exercise extraordinary jurisdiction in a 5-2 party-line vote.

28.   The state supreme court's order designated Judge McCullough to serve as a "Special Master," and instructed her to file with the Supreme Court of Pennsylvania, on or before February 7, 2022, "a report containing proposed findings of fact and conclusions of law supporting her recommendation of a redistricting plan from those submitted to the Special Master, along with a proposed revision to the 2022 election schedule/calendar." *See* Exhibit 6.

29.   Justice Mundy and Justice Brobson dissented from the state supreme court's order granting extraordinary relief and exercising extraordinary jurisdiction.

30.   On February 7, 2022, Judge McCullough issued her findings and recommended that the map approved by the General Assembly (HB 2541) be used as the congressional map. *See* Exhibit 7.

31.   The state supreme court has allowed any party or intervenor to file exceptions to Judge McCullough's findings by February 14, 2022, and the state supreme court has scheduled oral argument for February 18, 2022.

32.   On February 9, 2022, the state supreme court issued an order sua sponte that purports to "suspend" the General Primary Election calendar codified in 25 Pa. Stat. §§ 2868 and 2873. *See* Exhibit 8. No litigant had asked the state supreme court to suspend the primary-election calendar or issue an order purporting to do so.

## PENNSYLVANIA'S ELECTION LAWS

33.   A candidate who wishes to appear on the primary ballot in Pennsylvania must file a nomination petition signed by members of his party who are registered voters. *See* 25 Pa. Stat. §§ 2867.

34.   Candidates for the U.S. House of Representatives in Pennsylvania must obtain 1,000 signatures from registered voters in the Commonwealth at large. *See* 25 Pa. Stat. §§ 2872.1(12).

35.   The statutes governing Pennsylvania elections provide that the first day that candidates may begin circulating nominating petitions is February 15, 2022. The final day to obtain signatures is March 8, 2022.

36.   The statutes governing Pennsylvania elections require the state's primary elections to be held on May 17, 2022.

## FACTS RELATED TO STANDING

37.   Each of the four plaintiffs is a registered voter in Pennsylvania, and each of them is suffering injury in fact from the defendants' refusal to hold at-large elections for the state's congressional delegation. Under 2 U.S.C. § 2a(c)(5), the plaintiffs are entitled to cast ballots for all 17 of the state's representatives in the U.S. House if the General Assembly fails to enact a new congressional map in time for the 2022 elections. The defendants are depriving each of the plaintiffs of their entitlement to vote in all 17 congressional races by refusing to hold at-large elections as required by 2 U.S.C. § 2a(c)(5). This injury is traceable to the allegedly unlawful conduct of the named defendants. And it will be redressed by an injunction requiring the defendants to conduct at-large elections for Pennsylvania's congressional delegation unless and until the General Assembly enacts a new congressional map.

38.   Plaintiff Bognet is suffering additional injury in fact because the defendants' refusal to honor 2 U.S.C. § 2a(c)(5) leaves him uncertain of how he should campaign for a seat in the U.S. House of Representatives. The primary election is only three months away, and the defendants are leaving Mr. Bognet (and every other candidate for the U.S. House) in the dark about how who their constituents and voters will be. A candidate for office needs to know how and where he will campaign, and the defendants' behavior is perpetuating and prolonging this uncertainty. This injury is traceable to the allegedly unlawful conduct of the named defendants. And it will be redressed by an injunction requir-

ing the defendants to conduct at-large elections for Pennsylvania's congressional delegation, as required by 2 U.S.C. § 2a(c)(5), unless and until the General Assembly enacts a new congressional map.

39.   Plaintiff Alan M. Hall is suffering additional injury in fact in his capacity as a member of the Susquehanna County Board of Elections. As a member of the Board of Elections, Mr. Hall must oversee the lawful administration of all aspects of elections, including voter registration, the voting process, and tabulation of votes. He must also certify the results of all primary and general elections in the county to the Secretary of State. *See* 25 Pa. Stat. Ann. § 2642(k); 25 Pa. Stat. Ann. § 3154(a).  He must issue rules and regulations that the Board deems necessary for the administration of elections. *See* 25 Pa. Stat. § 2642(f). And he must ensure that elections are "honestly, efficiently, and uniformly conducted." 25 Pa. Stat. § 2642(g). Mr. Hall cannot prepare for the upcoming primary when the defendants refuse to implement the requirements of 2 U.S.C. § 2a(c)(5) and leave election officials uncertain about whether and when a congressional map will be imposed, or what the fallback regime will be if the General Assembly is unable to enact a map in time for the primary election. This injury is traceable to the allegedly unlawful conduct of the named defendants. And it will be redressed by an injunction requiring the defendants to conduct at-large elections for Pennsylvania's congressional delegation unless and until the General Assembly enacts a new congressional map.

## CLAIM FOR RELIEF

40.   The Elections Clause provides:

> The Times, Places and Manner of holding Elections for Senators and Representatives, shall be prescribed in each State *by the Legislature thereof*; but the Congress may at any time by Law make or alter such Regulations, except as to the Places of chusing Senators.

U.S. Const. art. 1, § 4, cl. 1 (emphasis added).

41.   The Elections Clause forbids the defendants to implement a congressional map that was drawn by the Supreme Court of Pennsylvania, because the state supreme court is not part of "the Legislature," and the General Assembly has not delegated any of its map-drawing powers to the state judiciary or authorized the state courts to involve themselves in the redistricting process in any way.

42.   The Elections Clause also forbids the defendants to defy the requirements of 2 U.S.C. § 2a(c)(5), which requires Pennsylvania to hold at-large elections if the General Assembly fails to enact a new congressional map in time for the 2022 primary. *See* U.S. Const. art. 1, § 4, cl. 1 (allowing Congress to "make or alter" regulations for electing representatives). The Supreme Court of Pennsylvania is constitutionally forbidden to replace the fallback regime that Congress has established in 2 U.S.C. § 2a(c)(5) with a court-drawn map—and the state's election officials are constitutionally obligated to implement 2 U.S.C. § 2a(c)(5) over any contrary command that might emanate from the state judiciary.

43.   The Court should enter declaratory and injunctive relief that requires the defendants to hold at-large elections for the Pennsylvania congressional delegation, unless and until the General Assembly enacts a new congressional map.

44.   The plaintiffs bring these claims under 42 U.S.C. § 1983, the Declaratory Judgment Act, and any implied rights of action that might exist under the Constitution of the United States or any election-related statute enacted by Congress.

## DEMAND FOR RELIEF

45.   The plaintiffs respectfully request that the court:

    a.   declare that the Elections Clause and 2 U.S.C. § 2a(c)(5) require the defendants to hold at-large elections for the Pennsylvania congressional delegation, unless and until the General Assembly enacts a new congressional map;

    b.   enter a preliminary and permanent injunction that compels the defendants to hold at-large elections for the Pennsylvania congressional delegation, unless and until the General Assembly enacts a new congressional map;

    c.   award the plaintiffs costs and attorneys' fees under 42 U.S.C. § 1988;

    d.   grant all other relief that the Court may deem just, proper, or equitable.

Respectfully submitted.

 /s/ Jonathan F. Mitchell
Walter S. Zimolong III               Jonathan F. Mitchell
Pennsylvania Bar No. 89151           Pennsylvania Bar No. 91505
Zimolong LLC                         Mitchell Law PLLC
Post Office Box 552                  111 Congress Avenue, Suite 400
Villanova, Pennsylvania 19085        Austin, Texas 78701
(215) 665-0842                       (512) 686-3940 (phone)
wally@zimolonglaw.com                (512) 686-3941 (fax)
                                     jonathan@mitchell.law

Dated: February 10, 2022             *Counsel for Plaintiffs*