# Exhibit 1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM C. TOTH JR., *et al.*, <br> *Plaintiffs,* <br> v. <br> LEIGH M. CHAPMAN, *et al.*, <br> *Defendants.* | No. 1:22-cv-00208-JPW <br> Honorable Jennifer P. Wilson |

## CARTER PETITIONER INTERVENORS' PROPOSED ANSWER TO THE FIRST AMENDED COMPLAINT

Proposed Intervenor-Defendants Carol Ann Carter, Monica Parrilla, Rebecca Poyourow, William Tung, Roseanne Milazzo, Burt Siegel, Susan Cassanelli, Lee Cassanelli, Lynn Wachman, Michael Guttman, Maya Fonkeu, Brady Hill, Mary Ellen Balchunis, Tom Dewall, and Stephanie McNulty (the "Carter Petitioners") submit the following proposed Answer and defenses to the First Amended Complaint of William C. Toth Jr., William J. Hall, James Bognet, Aaron Bashir, and Alan M. Hall ("Plaintiffs"). All allegations are denied and/or effectively denied unless specifically admitted by the Carter Petitioners.

### FIRST AMENDED COMPLAINT

The First Amended Complaint's lengthy preliminary statement consists solely of legal argument and facts asserted elsewhere in the First Amended Complaint, to which no response is required. To the extent a response is required, the Carter Petitioners incorporate by reference the below paragraphs as their response, deny the

allegations, and deny that Plaintiffs are entitled to any relief.

## JURISDICTION AND VENUE

1. Paragraph 1 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required and the allegations misstate the law, the Carter Petitioners deny the allegations.

2. Paragraph 2 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required and the allegations misstate the law, the Carter Petitioners deny the allegations.

3. Admitted only that Plaintiffs seek relief under 28 U.S.C. § 2284(a), but otherwise denied that Plaintiffs are entitled to any relief under such statute.

## PARTIES

4. The Carter Petitioners are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 4 and therefore deny the same.

5. The Carter Petitioners are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 5 and therefore deny the same.

6. The Carter Petitioners are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 6 and therefore deny the same.

7. The Carter Petitioners are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 7 and therefore deny the same.

8. The Carter Petitioners are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 8 and therefore deny the same.

9. Admitted that Leigh M. Chapman is Acting Secretary of the Commonwealth of Pennsylvania and has offices at 302 North Office Building, 401 North Street, Harrisburg, PA 17120. Paragraph 9 otherwise contains mere characterizations and conclusions to which no response is required.

10. Admitted that Jessica Mathis is Director for the Pennsylvania Bureau of Election Services and Notaries and has offices at 210 North Office Building, 401 North Street, Harrisburg, PA 17120. Paragraph 10 otherwise contains mere characterizations and conclusions to which no response is required.

11. Admitted that Tom Wolf is the Governor of Pennsylvania and has offices at 508 Main Capitol Building, Harrisburg, PA 17120. Paragraph 11 otherwise contains mere characterizations and conclusions to which no response is required.

**FACTS**

12. Admitted.

13. Admitted.

14. Paragraph 14 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required and the allegations misstate the law, the Carter Petitioners deny the allegations.

15. Denied because the census-block results were delivered on August 12, 2021.

16. Admitted.

17. In response to Paragraph 17, the Carter Petitioners state that their Petition speaks for itself. To the extent the allegations in Paragraph 17 are inconsistent with the Petition, the Carter Petitioners deny the allegations. Similarly, the petition of another group also speaks for itself, and to the extent the allegations in Paragraph 17 are inconsistent with that petition, the Carter Petitioners deny the allegations.

18. Admitted that the Commonwealth Court has original jurisdiction over certain actions against the Commonwealth of Pennsylvania pursuant to 42 Pa. C.S. § 761. Paragraph 18 otherwise contains mere characterizations and conclusions to which no response is required. To the extent a response is required and the allegations misstate the fact of the matter, the Carter Petitioners deny the allegations.

19. Admitted that the Commonwealth Court consolidated the two redistricting cases on December 20, 2021. The Carter Petitioners are without sufficient information or knowledge with which to form a belief as to the truth or

falsity of the allegation that the cases were assigned to Judge McCullough on December 20, 2021, and therefore deny the same.

20. In response to Paragraph 20, the Carter Petitioners state that their Application for Extraordinary Relief speaks for itself. To the extent the allegations in Paragraph 20 are inconsistent with the Application, the Carter Petitioners deny the allegations.

21. Paragraph 21 contains mere characterizations and conclusions to which no response is required. To the extent a response is required and the allegations misstate the fact of the matter, the Carter Petitioners deny the allegations.

22. In response to Paragraph 22, the Carter Petitioners state that the Pennsylvania Supreme Court's Order speaks for itself. To the extent the allegations in Paragraph 22 are inconsistent with the Pennsylvania Supreme Court's Order, the Carter Petitioners deny the allegations.

23. In response to Paragraph 23, the Carter Petitioners state that the Commonwealth Court's Order speaks for itself. To the extent the allegations in Paragraph 23 are inconsistent with the Commonwealth Court's Order, the Carter Petitioners deny the allegations.

24. Admitted.

25. Admitted.

26. In response to Paragraph 26, the Carter Petitioners state that their Emergency Application to the Pennsylvania Supreme Court speaks for itself. To the extent the allegations in Paragraph 26 are inconsistent with the Emergency Application to the Pennsylvania Supreme Court, the Carter Petitioners deny the allegations.

27. In response to Paragraph 27, the Carter Petitioners state that Judge McCullough's Order speaks for itself. To the extent the allegations in Paragraph 27 are inconsistent with Judge McCullough's Order, the Carter Petitioners deny the allegations.

28. In response to Paragraph 28, the Carter Petitioners state that the Pennsylvania Supreme Court's Order speaks for itself. To the extent the allegations in Paragraph 28 are inconsistent with the Pennsylvania Supreme Court's Order, the Carter Petitioners deny the allegations.

29. In response to Paragraph 29, the Carter Petitioners state that the Pennsylvania Supreme Court's Order speaks for itself. To the extent the allegations in Paragraph 29 are inconsistent with the Pennsylvania Supreme Court's Order, the Carter Petitioners deny the allegations.

30. Admitted that Justice Mundy filed a dissenting statement in which Justice Brobson joined.

31. In response to Paragraph 31, the Carter Petitioners state that Judge McCullough's issued findings and recommendations speak for themselves. To the extent the allegations in Paragraph 31 are inconsistent with Judge McCullough's issued findings and recommendations, the Carter Petitioners deny the allegations.

32. In response to Paragraph 32, the Carter Petitioners state that the Pennsylvania Supreme Court's Order speaks for itself. To the extent the allegations in Paragraph 32 are inconsistent with the Pennsylvania Supreme Court's Order, the Carter Petitioners deny the allegations.

33. In response to Paragraph 33, the Carter Petitioners state that the Pennsylvania Supreme Court's Order and litigants' submissions to the Pennsylvania Supreme Court speak for themselves. To the extent the allegations in Paragraph 33 are inconsistent with the Pennsylvania Supreme Court's Order or litigants' submissions to the Pennsylvania Supreme Court, the Carter Petitioners deny the allegations.

## PENNSYLVANIA'S ELECTION LAWS

34. Paragraph 34 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required and the allegations misstate the law, the Carter Petitioners deny the allegations.

35. Paragraph 35 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required and the allegations misstate the law, the Carter Petitioners deny the allegations.

36. Paragraph 36 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required and the allegations misstate the law, the Carter Petitioners deny the allegations.

37. Paragraph 37 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required and the allegations misstate the law, the Carter Petitioners deny the allegations.

**FACTS RELATED TO STANDING**

38. The Carter Petitioners are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the factual allegations in Paragraph 38 and therefore deny the same. Paragraph 38 otherwise contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required and the allegations misstate the law, the Carter Petitioners deny the allegations. It is specifically denied that Plaintiffs are entitled to an at-large election.

39. The Carter Petitioners are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the factual allegations in Paragraph 39 and therefore deny the same. Paragraph 39 otherwise contains mere

characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required and the allegations misstate the law, the Carter Petitioners deny the allegations. It is specifically denied that Plaintiffs are entitled to an at-large election.

40. The Carter Petitioners are without sufficient information or knowledge with which to form a belief as to the truth or falsity of the allegations in Paragraph 40 and therefore denies the same. Paragraph 40 otherwise contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required and the allegations misstate the law, the Carter Petitioners deny the allegations. It is also specifically denied that Plaintiffs are entitled to an at-large election.

## CLAIM FOR RELIEF

41. Paragraph 41 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required and the allegations misstate the law, the Carter Petitioners deny the allegations, including that Plaintiffs are entitled to relief under the Elections Clause.

42. Paragraph 42 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required and the allegations misstate the law, the Carter Petitioners deny the allegations. It is specifically denied that Plaintiffs are entitled to relief as alleged.

43. Paragraph 43 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required and the allegations misstate the law, the Carter Petitioners deny the allegations. It is specifically denied that Plaintiffs are entitled to relief as alleged.

44. Paragraph 44 contains mere characterizations, legal contentions, and conclusions to which no response is required. To the extent a response is required and the allegations misstate the law, the Carter Petitioners deny the allegations. It is specifically denied that Plaintiffs are entitled to relief as alleged.

45. Admitted that Plaintiff has styled claims under 42 U.S.C. § 1983, the Declaratory Judgment Act, and any implied rights of action under federal law, but denied that Plaintiff is entitled to any relief under such law.

## DEMAND FOR RELIEF

46. The Carter Petitioners deny that Plaintiffs are entitled to the relief requested in Paragraph 46.

## AFFIRMATIVE AND OTHER DEFENSES

The Carter Petitioners set forth their affirmative defenses without assuming the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiffs. Moreover, nothing stated here is intended or shall be construed as an admission that any particular issue or subject matter is relevant to the allegations in the First Amended Complaint. The Carter Petitioners

reserve the right to amend or supplement their affirmative defenses as additional facts concerning defenses become known.

As separate and distinct affirmative defenses, the Carter Petitioners allege as follows:

1. Plaintiffs' request for a three-judge court is premature.

2. Plaintiffs improperly seek to enjoin a pending state proceeding.

3. This Court must abstain.

4. This Court lacks jurisdiction to adjudicate Plaintiffs' claims.

5. Plaintiffs lack standing.

6. Plaintiffs' claims are not ripe.

7. The First Amended Complaint fails to state a claim for which relief can be granted.

8. It is still feasible for the Pennsylvania Supreme Court to adopt a final constitutional map.

9. At-large elections cannot and must not be invoked as long as it is feasible to adopt a constitutional final map.

10. To the extent that Plaintiff seeks injunctive or other equitable relief, such relief is barred by the doctrines of unclean hands, laches, waiver, and/or estoppel.

11. The Carter Petitioners reserve the right to assert additional defenses that are supported by information or facts obtained through discovery or other means, and expressly reserve the right to amend this Answer, as allowed within the limits of Fed. R. Civ. P. 15, to assert such affirmative defenses in the future.

**WHEREFORE**, Carter Petitioners ask that the Court:

A. Deny that Plaintiffs are entitled to any relief;

B. Dismiss Plaintiffs' First Amended Complaint in its entirety, with prejudice;

C. Award Carter Petitioners their reasonable attorneys' fees, costs, and disbursements pursuant to 42 U.S.C. § 1988; and/or

D. Award Carter Petitioners such other relief as the Court deems appropriate.

Dated: February 22, 2022.                     Respectfully submitted,

*/s/ Elizabeth V. Wingfield*
Timothy D. Katsiff (PA 75490)
Elizabeth V. Wingfield (PA 32477)
Edward D. Rogers (PA 69337)*
Marcel S. Pratt (PA 307483)*
Robert J. Clark (PA 308105)*
Michael R. McDonald (PA 326873)*
Paul K. Ort (PA 326044)*
Ballard Spahr LLP
1735 Market Street, 51st Floor

Philadelphia, PA 19103
KatsiffT@ballardspahr.com
WingfieldE@ballardspahr.com
RogersE@ballardspahr.com
PrattM@ballardspahr.com
ClarkR@ballardspahr.com
McDonaldM@ballardspahr.com
OrtP@ballardspahr.com
T: (215) 665-8500
F: (215) 864-8999

Abha Khanna*
Elias Law Group LLP
1700 Seventh Ave, Suite 2100
Seattle, WA 98101
akhanna@elias.law
T: (206) 656-0177

Lalitha D. Madduri*
Jyoti Jasrasaria*
Tina Meng*
Elias Law Group LLP
10 G St. NE, Suite 600
Washington, D.C. 20002
lmadduri@elias.law
jjasrasaria@elias.law
tmeng@elias.law
T: (202) 968-4490

Matthew Gordon*
Perkins Coie LLP
1201 Third Avenue Suite 4900
Seattle, WA 98101
MGordon@perkinscoie.com
T: (206) 359-3552

*Counsel for Proposed Intervenors*

*\*Motions for Pro Hac Vice Forthcoming*