

One Logan Square
27th Floor
Philadelphia, PA  19103-6933
215.568.0300/facsimile

www.hangley.com

PHILADELPHIA, PA
CHERRY HILL, NJ
HARRISBURG, PA
PLYMOUTH MEETING, PA

**Robert A. Wiygul**
**Direct Dial: 215.496.7042**
**E-mail: rwiygul@hangley.com**

February 24, 2022

<u>**Via ECF**</u>

The Honorable Jennifer P. Wilson
United States District Court
   for the Middle District of Pennsylvania
Ronald Reagan Federal Bldg. & U.S. Courthouse
228 Walnut Street
Harrisburg, PA  17101

      Re:    <u>**Toth v. Chapman, No. 1:22-cv-00208-JPW**</u>

Dear Judge Wilson:

      This firm represents the Defendants in the above-referenced action. I write in response to the Court's February 21, 2022 Order directing Defendants to file an expedited response, by letter brief, to Plaintiffs' request to convene a three-judge district court under 28 U.S.C. § 2284.

      Under § 2284, "[a] three-judge court is not required where the district court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal courts." *Shapiro v. McManus*, 577 U.S. 39, 44–45 (2015) (quoting *Gonzalez v. Automatic Emps. Credit Union*, 419 U.S. 90, 100 (1974)). As outlined below, the Amended Complaint is not justiciable because, among other reasons, Plaintiffs lack standing and their claims are moot. Accordingly, Plaintiffs' request for a three-judge panel should be denied.

      **Relevant Background:** Purportedly concerned about disrupting Pennsylvania's primary elections, Plaintiffs demand an unprecedented mandatory injunction—one that would require Pennsylvania to abandon single-member congressional districts, as prescribed by 2 U.S.C. § 2c (a statute that, remarkably, Plaintiffs fail to cite, and that provides that "Representatives shall be elected only from districts," with "no district to elect more than one Representative"), and instead to elect Pennsylvania's entire congressional delegation on an at-large, statewide basis for the first time since the 18th Century. Yesterday, the Pennsylvania Supreme Court adopted a congressional redistricting plan in accordance with the results of the 2020 Census, in time for the primary elections to proceed on May 17, 2022, the date prescribed by statute. *See* 25 Pa. Stat. § 2753(a) (calling for a primary election to "be held on the third Tuesday of May"). Although this resolves Plaintiffs' concerns about electoral uncertainty, they have doubled down on their demand.

The Honorable Jennifer P. Wilson
February 24, 2022
Page 2

Plaintiffs contend that the U.S. Constitution forbids state judiciaries from adopting congressional redistricting plans—even where, as here, the political branches have reached an impasse and failed to enact a plan through the legislative process. According to Plaintiffs, until Pennsylvania's political branches enact a new plan, the Commonwealth is forced to elect all of its congressional representatives at large. Plaintiffs' novel theory ignores the Supreme Court's many contrary decisions. *See, e.g.*, *Branch v. Smith*, 538 U.S. 254, 262 (2003) (reaffirming that "reapportionment is primarily the duty and responsibility of the State through its legislature *or other body*," including the state judiciary); *Growe v. Emison*, 507 U.S. 25, 34 (1993) (recognizing the "legitimacy of state *judicial* redistricting" and holding that Supreme Court precedent "prefers *both* state branches [*i.e.*, the legislature and the judiciary] to federal courts as agents of apportionment"); *see also Branch*, 538 U.S. at 275 (plurality opinion of Scalia, J.) (explaining that the at-large election provision in 2 U.S.C. § 2a(c), which Plaintiffs invoke here, "is inapplicable unless the state legislature, *and state* and federal *courts*, have all failed to redistrict pursuant to [the single-member districts required by 2 U.S.C.] § 2c) (emphasis added). Plaintiffs also ignore the extensive history of state-court decisions—in Pennsylvania and many other states—adopting congressional district plans where legislative redistricting has failed.

**Plaintiffs' Claims Are Not Justiciable:** The relevant standing issues have already been addressed by the three-judge panel in *Corman v. Torres*, 287 F. Supp. 3d 558 (M.D. Pa. 2018). There, two state senators and eight members of Congress challenged the Pennsylvania Supreme Court's decision invalidating, under the Pennsylvania Constitution, the congressional district plan that Pennsylvania's political branches had enacted in 2011. Like Plaintiffs here, the *Corman* plaintiffs invoked the Elections Clause, contending that the Pennsylvania Supreme Court had usurped the Pennsylvania General Assembly's authority under the Federal Constitution. *Id.* at 561. The *Corman* court dismissed the case for lack of standing. *Id.* at 573. As *Corman* explained, "[t]o establish Article III standing, a party seeking relief must establish that it has suffered" an injury-in fact, *i.e.*, an "injury to a legally protected interest, which injury is 'fairly traceable to the challenged action and redressable by a favorable ruling.'" *Id.* at 567. Applying these principles, *Corman* held that while the whole General Assembly might have standing to assert a "usurpation" claim under the Elections Clause, the plaintiffs did not. *Id.* at 573 ("[T]he Elections Clause claims asserted in the verified complaint belong, if they belong to anyone, only to the Pennsylvania General Assembly.").

*Corman*'s holding is consistent with other precedent analyzing the issue of standing to bring Elections Clause claims. *See, e.g.*, *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (voters lacked standing to bring Elections Clause challenge to state-court invalidation of enacted congressional district plan); *Bognet v. Sec'y of the Commonwealth*, 980 F.3d 336, 349–50 (3d Cir. 2020) (citing *Corman* approvingly), *vacated as moot sub nom. Bognet v. Degraffenreid*, 141 S. Ct. 2508 (2021); *see also Va. House of Delegates v. Bethune-Hill*, 139 S. Ct. 1945, 1953–54 (2019) (holding that even "a single House of a bicameral legislature lacks capacity to assert interests belonging to the legislature as a whole").

This precedent demonstrates that Plaintiffs—two voters, two congressional candidates, and a board of elections member (Am. Compl. ¶¶ 4-9)—cannot show an injury-in-fact. The voters have no particularized, cognizable interest in the Elections Clause issues they raise. *See*

The Honorable Jennifer P. Wilson
February 24, 2022
Page 3

*Lance*, 549 U.S. at 439; *Tex. Voters Alliance v. Dallas Cnty.*, 495 F. Supp. 3d 441, 462 (E.D. Tex. 2020) ("The [Elections] Clause does not speak to individual rights" and does not confer "a cause of action."). Contrary to their allegation, 2 U.S.C. § 2a(c)(5) does not confer any "entitle[ment] … to vote in all 17 [Pennsylvania] congressional races" (Am. Compl. ¶ 38); at most, it is "a last-resort remedy" to allow for an election to take place where "there is no time … to develop" a single-member district plan. *Branch*, 538 U.S. at 275 (plurality opinion); *see also id.* at 285 (Stevens, J., concurring in part) (concluding that 2 U.S.C. § 2c impliedly *repealed* 2 U.S.C. § 2a(c)). Put differently, the statutory provision is at most an administrative fail-safe, not a source of voting rights. *See also Berg v. Obama*, 586 F.3d 234, 240 (3d Cir. 2009) (plaintiff voter lacked standing where he shared his purported interest "*pari passu* with all voters").

The two congressional-candidate plaintiffs also lack standing. *See Corman*, 287 F. Supp. 3d at 569 ("Case law strongly suggests that a legislator has no legally cognizable interest in the composition of the district he or she represents."). The Amended Complaint fails to plead any cognizable injury. Although it claims the candidates are "in the dark about how who [sic] their constituents and voters will be" (Am. Compl. ¶ 39), that uncertainty was mooted by the Pennsylvania Supreme Court's adoption of a plan. Indeed, it is forcing Pennsylvania to conduct a state-wide at-large election, for the first time in centuries, that would cause confusion and uncertainty for both candidates and voters. *See Corman*, 287 F. Supp. 3d at 571 (no standing under causation/traceability prong because "Plaintiffs' injury would persist").

The remaining plaintiff, a member of a county board of elections, lacks standing for similar reasons. His only pled injury is also grounded in uncertainty (Am. Compl. ¶ 40), but any such uncertainty was cured by the Pennsylvania's Supreme Court Order. Once again, Plaintiffs' proposal, forcing the county boards to administer an election under unprecedented circumstances, would cause the injury that Plaintiffs decry.

Finally, Plaintiffs' claims are non-justiciable because they are moot. Plaintiffs' requested remedy under 2 U.S.C. § 2a(c)(5) is available only when, "on the eve of a congressional election, no constitutional redistricting plan exists and there is no time for either the State's legislature *or the courts* to develop one." *Branch*, 538 U.S. at 275 (emphasis added). By adopting a single-member district plan in advance of the primary election—in accordance with 2 U.S.C. § 2c and U.S. Supreme Court precedent—the Pennsylvania Supreme Court has mooted that prospect.

Given the very substantial (at the very least) justiciability issues presented by the Amended Complaint, Plaintiffs' request to convene a three-judge panel should be denied or, at minimum, deferred until this Court resolves the threshold question of jurisdiction. *See, e.g.*, *Giles v. Ashcroft*, 193 F. Supp. 2d 258, 262 (D.D.C. 2002) (refusing to convene three-judge court and dismissing case for lack of standing); *Equal Vote Am. Corp. v. Congress*, 397 F. Supp. 3d 503, 512 (S.D.N.Y. 2019), *aff'd in relevant part sub nom. Liu v. U.S. Congress*, 834 F. App'x 600 (2d Cir. 2020) (same). As Defendants are prepared to address in more comprehensive briefing, for the same (and additional) reasons, the assorted "emergency" motions that Plaintiffs have filed before Your Honor should be denied.

The Honorable Jennifer P. Wilson
February 24, 2022
Page 4

                                                Respectfully,

                                                Robert A. Wiygul

RAW
cc:   All Counsel of Record (via ECF)