# EXHIBIT A

**Ballard Spahr LLP**

1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
TEL 215.665.8500
FAX 215.864.8999
www.ballardspahr.com

Elizabeth Wingfield
Tel: 215.864.8128
Fax: 215.864.8999
wingfielde@ballardspahr.com

February 24, 2022

The Honorable Jennifer P. Wilson
United States District Court, Middle District of Pennsylvania
228 Walnut Street
Harrisburg, PA 17101

Re:   *Toth v. Chapman*, No. 1:22-CV-00208, Proposed Response to Plaintiffs'
      Request to Convene a Three-Judge District Court Under 28 U.S.C. § 2284(a)

Dear Judge Wilson:

Proposed Intervenor-Defendants (the "Carter Petitioners") submit this proposed opposition to Plaintiffs' request to convene a three-judge district court, in accordance with the briefing schedule set forth in this Court's February 21, 2022 Order.

As an initial matter, the three-judge court statute expressly gives a single judge authority to "determine[] that three judges are not required." 28 U.S.C. § 2284(b)(1). That gatekeeper role is critical because a final decision by a three-judge court is directly appealable to the U.S. Supreme Court, which exercises mandatory review, 28 U.S.C. § 1253, and Congress has maintained an "overriding policy . . . of minimizing the mandatory docket of [that] Court in the interests of sound judicial administration." *Gonzalez v. Automatic Emp. Credit Union*, 419 U.S. 90, 98 (1974).

Plaintiffs are not entitled to a three-judge court for two reasons. *First*, the Supreme Court has made clear that "a three-judge court is not required where the district court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal courts." *Shapiro v. McManus*, 577 U.S. 39, 44–45 (2015) (quoting *Gonzalez*, 419 U.S. at 100). That is precisely the case here, as set forth in the Carter Petitioners' proposed motion to dismiss and affirmative defenses, where Plaintiffs lack Article III standing and their claim is unequivocally foreclosed by

binding precedent. *See* ECF Nos. 14-2, 14-3. Although the Carter Petitioners do not restate here all of the reasons this Court lacks jurisdiction, they offer the following by way of example to illustrate the grave deficiencies in Plaintiffs' complaint.

Plaintiffs lack Article III standing because they fail to allege any "concrete and particularized" injury-in-fact. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). Notwithstanding that any so-called "depriv[ation]" of an "entitlement to vote in all 17 congressional races" is inconsistent with Plaintiffs' assertion that they would vote within congressional districts if adopted by the General Assembly instead of a court, Am. Compl. ¶ 38, that "depriv[ation]" does not amount to a cognizable injury because the impact would be felt by all Pennsylvania voters equally. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 344 (2006) (standing absent where plaintiff "suffers in some indefinite way in common with people generally").

Similarly, the Third Circuit has rejected the interest that candidate-Plaintiffs assert in the rules governing their elections as far too widely shared to be legally enforceable. *Bognet v. Sec'y Commonwealth of Pa.,* 980 F.3d 336, 351 (3d Cir. 2020), *cert. granted, judgment vacated as moot. Bognet v. Degraffenreid*, 141 S. Ct. 2508 (2021) (holding election rule did not affect candidate "in a particularized way" because "all candidates in Pennsylvania . . . are subject to the same rules"). And, as to the election official-Plaintiff, the Supreme Court has repeatedly explained that an abstract policy statement, whether it be an interest in "influencing the legislature's overall composition and policymaking," *Gill v. Whitford*, 138 S. Ct. 1916, 1931 (2018), or, as alleged here, an interest in "oversee[ing] the lawful administration of elections," Am. Compl. ¶ 40, does not confer standing.

That none of Plaintiffs' alleged injuries are sufficient to trigger this Court's jurisdiction is further underscored by the fact that their only claim for relief is based on a purported violation of the Elections Clause, which the U.S. Supreme Court has held private citizens do not have standing to prosecute because the alleged injury is "obvious[ly]" an "undifferentiated, generalized grievance about the conduct of government." *Lance v. Coffman*, 549 U.S. 437, 442 (2007). Consistent with *Lance*, federal courts have repeatedly declined to adjudicate Elections Clause claims brought by individual plaintiffs. *See, e.g.*, *Wise v. Circosta*, 978 F.3d 93, 101 (4th Cir. 2020), *application for stay denied*, 141 S. Ct. 658 (U.S. Oct. 28, 2020); *Corman v. Torres*, 287 F. Supp. 3d 558, 567 (M.D. Pa. 2018). This Court should do the same.

Even if Plaintiffs had suffered an injury sufficient for Article III purposes, their claim is still barred under prudential standing, as it is premised on the *General Assembly's* authority to draw districts. *See* Am. Compl. ¶¶ 42-43. Prudential

2

limitations require "that a party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" *Kowalski v. Tesmer*, 543 U.S. 125, 129 (2004) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). Because Plaintiffs have identified neither a "close relationship with the [General Assembly]" nor a "'hindrance' to the [General Assembly's] ability to protect [its] own interests," *id.* at 130, they cannot assert the General Assembly's rights. *See Corman*, 287 F. Supp. 3d at 571–73.

As a substantive matter, Plaintiffs' claim is "obviously without merit," itself a reason to deny the request for a three-judge court on jurisdictional grounds. *See Shapiro*, 577 U.S. at 45–46. The Supreme Court has squarely held that the federal provision for at-large elections, 2 U.S.C. § 2a(c), upon which Plaintiffs' lawsuit is based, is "inapplicable *unless* the state legislature, and *state . . . courts*, have all failed to redistrict pursuant to § 2c," and thus functions only as a "last-resort remedy to be applied when . . . no constitutional redistricting plan exists and there is no time for either the State's legislature *or the courts* to develop one." *Branch v. Smith*, 538 U.S. 254, 275 (2003) (first emphasis in original). Here, the Pennsylvania Supreme Court adopted a congressional plan, *Carter v. Chapman*, No. 7 MM 2022, 2022 WL 549106 (Pa. Feb. 23, 2022), negating any claim Plaintiffs could assert under § 2a(c).

*Second*, § 2284(a) calls for the convening of a three-judge court only when an action challenges the constitutionality of an actual "apportionment," which does not include "practices or actions that may lead to or affect a future apportionment." *Alabama v. U.S. Dep't of Commerce*, 493 F. Supp. 3d 1123, 1128 (N.D. Ala. 2020); *see also City of Philadelphia v. Klutznick*, 503 F. Supp. 657, 658 (E.D. Pa. 1980) (explaining that "in order to necessitate the convening of a three-judge court, the challenge must be to an existing apportionment," *i.e.*, "the final product"); *Commonwealth of Mass. v. Mosbacher*, 785 F. Supp. 230, 236 (D. Mass. 1992) (noting that challenge to "precursors to the ultimate apportionment decision" does not constitute "a direct challenge to the apportionment itself"), *overruled on unrelated grounds by Franklin v. Massachusetts*, 505 U.S. 788 (1992). Here, Plaintiffs do not challenge a congressional map, but rather the process of adopting it—a position made clear by the fact that Plaintiffs filed their lawsuit *before* the Pennsylvania Supreme Court chose a map. Section 2284(a) does not contemplate this kind of action, and for this reason, too, a three-judge court is unwarranted.

For all these reasons, the Carter Petitioners respectfully request that the Court deny Plaintiffs' request to convene of a three-judge court.

Respectfully submitted,

_____
Elizabeth Wingfield
*Counsel for Proposed Intervenor-Defendants*

_____
Abha Khanna
*Counsel for Proposed Intervenor-Defendants*

4