Received 2/14/2022 11:24:17 PM Supreme Court Middle District

Filed 2/14/2022 11:24:00 PM Supreme Court Middle District
7 MM 2022

# IN THE SUPREME COURT OF PENNSYLVANIA

## No. 7 MM 2022

### CAROL ANN CARTER *et al.*,
### *Petitioners*,

### v.

### LEIGH M. CHAPMAN, *et al.*,
### *Respondents.*

## RESPONDENTS' EXCEPTIONS REGARDING THE SPECIAL MASTER'S PROPOSED REVISION TO THE 2022 ELECTION CALENDAR/SCHEDULE AND INCORPORATED BRIEF IN SUPPORT THEREOF

On Review of the Special Master's Proposed Findings of Fact and Conclusions of Law, Nos. 464 M.D. 2021 and 465 M.D. 2021 (February 7, 2022)

HANGLEY ARONCHICK SEGAL PUDLIN & SCHILLER
Robert A. Wiygul (I.D. No. 310760)
Cary L. Rice (I.D. No. 325227)
John B. Hill (I.D. No. 328340)
One Logan Square, 27th Floor
Philadelphia, PA 19103-6933
(215) 568-6200

OFFICE OF ATTORNEY GENERAL
Caleb Curtis Enerson (I.D. No. 313832)
15th Floor, Strawberry Square
Harrisburg, PA 17120
1600 Arch St., Suite 300
Philadelphia, PA  19103
(717) 787-2717

*(additional counsel on signature page)*

Respondents, the Acting Secretary of the Commonwealth and Director of the Bureau of Election Services and Notaries, respectfully submit these Exceptions to the Special Master's proposed revision to the 2022 election calendar. In support of these Exceptions, the Respondents submit and attach hereto the Affidavit of Jonathan Marks dated February 14, 2022 ("Marks II Aff.").

The Secretary of the Commonwealth is Pennsylvania's chief election official, and Respondents are both election administrators charged with ensuring that Pennsylvania's elections are conducted in a fair, lawful, and orderly manner. Thus, in this litigation, Respondents' roles are two-fold: (1) to provide the Court with information where necessary; and (2) to minimize disruption of the 2022 elections by keeping the Court and the other parties apprised of election schedules and potential alterations to those schedules.[1] In keeping with those roles, Respondents respectfully submit these Exceptions to assist the Court in determining what changes to the 2022 election calendar are feasible and necessary based on the existence of other deadlines and the demands of election administration.

Although the Special Master's February 7, 2022 Report recommended certain changes to the election calendar for the congressional primary election, the

---

[1] Respondents note that, although they have not proposed a congressional district plan in this litigation, Intervenor-Respondent Governor Wolf has proposed a plan for judicial adoption.

Report expressly "recognize[d]" that, "in light of the changed circumstances of this litigation prompted by [this] Court's February 2, 2022 order, granting Petitioners' Emergency Application for Extraordinary Relief and invoking its extraordinary jurisdiction, … further and/or different changes to the election calendar … may be necessary."[2] Respondents agree that further changes are necessary and appropriate. In particular, the Special Master's Report did not address the calendar for the statewide and state legislative elections. For the reasons discussed herein, Respondents respectfully request that this Court address the calendar for all primary elections at this time.

In summary, despite delays in the redistricting process for both congressional and state legislative elections, Respondents believe that it is feasible—and highly preferable—to conduct the primary election for all races on the currently scheduled date of May 17, 2022.

Given recent experience, there appears to be a substantial possibility that a state-court decision moving the date of the primary election for a federal office would be challenged under the Elections Clause, *see* U.S. CONST. art. I, § 4, cl. 1.[3]

---

[2] The Honorable Patricia A. McCullough, Report Containing Proposed Findings of Fact and Conclusions of Law Supporting Recommendation of Congressional Redistricting Plan and Proposed Revision to the 2022 Election Calendar Schedule at 222 (Feb. 7, 2022).

[3] In *Pennsylvania Democratic Party v. Boockvar*, 283 A.3d 345 (Pa. 2020), at least one of the parties and counsel to the present proceeding (the "Present Participants") filed an Elections Clause challenge to this Court's decision to extend, by only three days, the statutory "received-

Irrespective of the merits and ultimate resolution of such litigation, its pendency would inject uncertainty into an election cycle that is already quite challenging for both election administrators and candidates.

Further, keeping the congressional primary on May 17 but changing the primary date for state legislative offices, *i.e.*, having separate primaries, would likely cause voter confusion, depress voter participation, and cost taxpayers tens of millions of dollars. It would also present county election offices with significant logistical challenges, including the recruitment of poll workers. Respondents believe that the county boards of elections, which are responsible for directly administering elections, would also like to avoid having two separate primary dates.

In Section II.A and B below, Respondents provide a proposed election calendar (one for the statewide and congressional elections, and another for the

---

by" deadline for mail-in ballots.  The Court's Order was based on its determination that enforcing the statutory deadline in the extraordinary circumstances of the 2020 general election—which took place during the height of the COVID-19 pandemic and was beset for mail delays—would disenfranchise voters in violation of the Pennsylvania Constitution's Free and Equal Elections Clause.  *Id.* at 369.  Nonetheless, the Present Participants asked the Supreme Court of the United States to reverse this Court's Order, contending that the Order violated the Elections Clause.  *See* Emergency Application for a Stay Pending the Filing and Disposition of a Petition for a Writ of Certiorari, *Scarnati v. Pa. Democratic Party*, No. 20A53 (U.S. filed Sept. 28, 2020); Emergency Application for a Stay Pending Disposition of a Petition for a Writ of Certiorari, *Pa. Democratic Party v. Boockvar*, No. 20A54 (U.S. filed Sept. 28, 2020); *see also Scarnati v. Boockvar*, 141 S. Ct. 644 (U.S.) (denying application to stay this Court's Order by a 4-4 vote); *Republican Party of Pa. v. Boockvar*, 141 S. Ct. 643 (same).

3

state legislative election) that would allow the primary election for all races to be held on May 17, 2022.

## I.    THE CURRENT ELECTION SCHEDULE

The current election schedule stands as follows:

| Event | Deadline |
|---|---|
| The first day before the primary election to circulate and file nomination petitions (*see* 25 P.S. § 2868). | February 15, 2022 |
| The last day before the primary election to circulate and file nomination petitions (*see* 25 P.S. § 2868). | March 8, 2022 |
| The first day before the primary election to circulate and file nomination papers (*see* 25 P.S. § 2913(b)). | March 9, 2022 |
| Deadline to file objections to nomination petitions (*see* 25 P.S. § 2937). | March 15, 2022 |
| Last day that may be fixed by the Commonwealth Court for hearings on objections that have been filed to nomination petitions (*see* 25 P.S. § 2937). | March 18, 2022 |
| The last day before the primary election for candidates who filed nomination petitions to withdraw their candidacy (*see* 25 P.S. § 2874). | March 23, 2022 |
| Last day for the Commonwealth Court to render decisions in cases involving objections to nomination petitions (*see* 25 P.S. § 2937). | March 23, 2022 |
| The last day before the primary election for the County Board of Elections to send remote military-overseas absentee ballots (*see* 25 Pa.C.S. § 3508(b)(1)). | March 28, 2022 |
| The last day before the primary election for the County Board of Elections to send all remaining military-overseas absentee ballots (*see* 25 Pa.C.S. § 3508(a)(1); 52 U.S.C. § 20302(a)(8)(A)). | April 1/2, 2022[4] |

[4] Under state law, if this deadline falls on a Saturday, as it does this election cycle, the deadline is moved to the proceeding day.  25 Pa.C.S. § 3508(a)(1).  Federal law does not have a similar rule, and the deadline stays the same even if it falls on the weekend.  52 U.S.C. § 20302(a)(8)(A).  This means that under state law, the last day before the primary election for the County Board of Elections to send all remaining military-overseas absentee ballots is April 1, while the deadline under federal law is April 2.

| Event | Deadline |
|---|---|
| The last day before the primary election for voters to register (*see* 25 P.S. § 3071). | May 2, 2022 |
| The last day before the primary election to apply for a mail-in or civilian absentee ballot (*see* 25 P.S. § 3146.2a(a)). | May 10, 2022 |
| The last day for County Boards of Elections to receive voted mail-in and civilian absentee ballots for the primary election (*see* 25 P.S. § 3146.6(a)). | May 17, 2022 |
| **Pennsylvania's 2022 general primary election (*see* 25 P.S. § 2753(a)).** | **May 17, 2022** |
| The last day for County Boards of Elections to receive voted military-overseas ballots for the primary election for the primary election (*see* 25 Pa.C.S. § 3511(a)). | May 24, 2022 |

## II.   PROPOSED MODIFICATIONS TO THE CURRENT ELECTION CALENDAR WITH MAY 17 PRIMARY

### A.   Proposed Modified Statewide and Congressional Calendar

Through a combination of internal administrative adjustments and Court-ordered date changes, it is possible to hold the statewide and congressional primaries on the scheduled May 17, 2022 date.

The current election schedule gives the Counties ten weeks to prepare for the primary election, between (1) the last date before the primary election for circulating and filing nomination petitions (currently March 8), and (2) the primary election date (May 17). Respondents believe that the Counties could fully prepare for the statewide and congressional primary elections in nine weeks.

To accommodate this slightly compressed schedule, the Court would need to order a period for circulating and filing nomination petitions that lasted two weeks,

instead of three; and the nominations period would need to start on March 1,

spanning two weeks and ending on the recommended revised deadline of March

15. The Department and county boards of elections have typically had three weeks

of preparation time before the first date for circulating and filing nomination

petitions. During this period, the Department would update the Department's

Elections and Campaign Finance system, and the counties would update the

Statewide Uniform Registry of Electors ("SURE") system, to reflect the new

districts.[5] The Department previously represented that with the addition of staff

and increased staff hours, it would be possible for the Department to complete its

preparations in two weeks instead of three.[6] Upon further review, the Department

believes that, by using generic nomination petitions,[7] the Department could

complete its preparations for circulating and filing nomination petitions quickly

---

[5] *See* Affidavit of Jonathan Marks ("Marks I Aff.") ¶ 15 (Jan. 28, 2022), which was admitted into evidence at the hearing conducted by the Special Master in this proceeding on January 27-28, 2022.

[6] *See id.* ¶ 16.

[7] Ideally, the Department and county boards of elections would have an opportunity, before the circulation and filing of nomination petitions begin, to fully update the Statewide Uniform Registry of Electors (SURE) system with information about the new districts.  In that event, the computerized tool used to generate nomination petitions would allow candidates to pre-populate all the information needed on the Candidate's Affidavit, as well as the information needed in the preamble portion of the nomination petition page, based on the specific office the candidate is seeking.  By contrast, with generic nomination petitions, candidates running in particular districts must manually fill in the District Number line on the Candidate's Affidavit and the District Number line and County of Signers lines at the top of each nomination petition page.  These two lines will be blank when the petition forms are generated and printed.  Nonetheless, the computerized tool used to generate the generic nomination petitions will still pre-populate the rest of the information for the candidate's review.

and in only a couple of days, by March 1, 2022. Although the use of generic nomination petitions is less than ideal, *see supra* note 6, it will allow for the election process to proceed in a timely manner, as necessitated under the unusual circumstances of the current election cycle.

Accordingly, if the first date for circulating and filing nomination petitions were moved from February 15 to March 1, the Department would need to have a final congressional plan in place by no later than **February 27, 2022**. However, the Department respectfully requests that the Court issue an Order establishing the calendar deadlines as early as possible, and before February 27, 2022, so that counties, candidates, and the Department have time to prepare for the commencement of petition filing.

The below chart illustrates the modifications proposed to the calendar for the statewide and congressional elections:

| Event | Current Deadline for Statewide and Congressional Elections | Proposed Modified Deadline for Statewide and Congressional Elections |
|---|---|---|
| First day to circulate and file nomination petitions | February 15, 2022 | **<u>March 1, 2022</u>** |
| Last day to circulate and file nomination petitions | March 8, 2022 *(three-week period for circulating and filing nomination petitions)* | **<u>March 15, 2022</u>** *(**<u>two-week</u>** period for circulating and filing nomination petitions)* |
| First day to circulate and file nomination papers | March 9, 2022 | March 16, 2022 |

| Event | Current Deadline for Statewide and Congressional Elections | Proposed Modified Deadline for Statewide and Congressional Elections |
|---|---|---|
| Deadline to file objections to nomination petitions | March 15, 2022 (*objections must be filed within 7 days*) | March 22, 2022 |
| Last day that may be fixed by the Commonwealth Court for hearings on objections that have been filed to nomination petitions | March 18, 2022 (*not later than 10 days after the last day for filing nomination petitions*) | March 25, 2022 |
| Last day for candidates who filed nomination petitions to withdraw their candidacy | March 23, 2022 | [no deadline change] |
| Last day for the Commonwealth Court to render decisions in cases involving objections to nomination petitions | March 23, 2022 (*not later than 15 days after the last day for filing nomination petitions*) | March 30, 2022[8] |
| Last day for the County Board of Elections to send remote military-overseas absentee ballots | March 28, 2022 | April 2, 2022[9] |
| Last day for the County Board of Elections to send all remaining military-overseas absentee ballots | April 1/2, 2022[10] | April 2, 2022 |
| Last day for voters to register before the primary election | May 2, 2022 | [no deadline change] |

[8] Following this chart, Respondents discuss the need for this Court to modify the 10-day period for appealing from the Commonwealth Court's decisions resolving objections to nomination petitions.

[9] *See* Marks II Aff. ¶ 21.  Because the deadline for sending "remote" military-overseas absentee ballots is a function of state law rather than federal law, this Court has the power to move this deadline.

[10] *See supra* note 4.

| Event | Current Deadline for Statewide and Congressional Elections | Proposed Modified Deadline for Statewide and Congressional Elections |
|---|---|---|
| Last day before the primary election to apply for a mail-in or civilian absentee ballot | May 10, 2022 | [no deadline change] |
| Last day for County Boards of Elections to receive voted mail-in and civilian absentee ballots for the primary election | May 17, 2022 | [no deadline change] |
| **Pennsylvania's 2022 general primary election** | **May 17, 2022** *(ten weeks between last date for circulating and filing nomination petitions and primary election)* | [no deadline change] *(**nine weeks** between last date for circulating and filing nomination petitions and primary election)* |
| The last day for County Boards of Elections to receive voted military-overseas ballots for the primary election for the primary election | May 24, 2022 | [no deadline change] |

In conjunction with this proposal, Respondents wish to address a deadline that is not listed on the chart above—namely, the deadline for parties to appeal from the Commonwealth Court's decisions resolving objections to nomination petitions. If the Court adopts the proposal above, the Commonwealth Court decisions will be due by March 30, 2022. Under the Rules of Appellate Procedure, any person aggrieved by such decisions would then have 10 days to appeal to this Court. *See* Pa.R.A.P. 803(c)(1)(ii); *In re Morgan*, 428 A.2d 1055, 1057 (Pa. Commw. Ct. 1981).

This Court has the power to shorten this deadline. *See* Pa.R.A.P. 105(a) (an appellate court may "disregard the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction"); *see also Holt v. 2011 Legislative Reapportionment Comm'n*, 38 A.3d 711, 721 n.10 (Pa. 2012) ("as it respects the judicial function, the Election's Code deadlines [for resolving objections to nomination petitions] are understood … as 'directory'" rather than mandatory). Respondents respectfully submit that the Court should do so here, <u>and should require aggrieved parties to file any appeals within 3 days of the pertinent Commonwealth Court's decision</u>.

This shortened deadline is necessary and appropriate to ensure that ballots can be finalized in time for counties to send mail-in and absentee ballots to voters. Under the Election Code, counties must distribute ballots to electors who have applied for them no later than two weeks before the primary—here, May 3, 2022. *See* 25 P.S. § 3150.15. As a practical matter, however, given mail-delivery timelines and the need to process ballot applications submitted after May 3, 2022, counties will want to begin sending ballots at an earlier date. Respondents believe that, to ensure that any nomination-petition appeals can be resolved in sufficient time to finalize the mail-in and absentee ballots, the appeal period should be shortened to 3 days.

### B.      Proposed Modified Legislative Calendar with May 17 Primary

As the Court is aware, the Legislative Reapportionment Commission

("LRC") adopted a Final Plan on February 4, 2022. That means that any aggrieved

party has until March 7, 2022, to file an appeal. *See* PA. CONST. art. II, § 17(d);

Pa.R.A.P. 903 official comment (where, as here, appeal period expires on a

Sunday, any aggrieved person has until the following Monday to file an appeal). If

this Court were to expedite any briefing[11] and argument on the appeals and enter a

final ruling on the legislative Final Plan by **March 18, 2022**, the May 17 primary

date could (if the Final Plan is determined to be lawful) also remain in place for the

state legislative races under the proposed schedule below.

| Event | Current Deadline for Legislative Election | Proposed Modified Deadline for Legislative Election |
|---|---|---|
| First day to circulate and file nomination petitions | February 15, 2022 | March 20, 2022 |
| Last day to circulate and file nomination petitions | March 8, 2022 *(three-week period for circulating and filing nomination petitions)* | March 29, 2022 *(**nine-day** period for circulating and filing nomination petitions)*[12] |

---

[11] This Court may wish to consider issuing an order now requiring that any brief filed in support of an appeal of the LRC's Final Plan be submitted on or before March 8, 2022, and that the LRC file a response brief on or before March 11, 2022.

[12] In *Mellow v. Mitchell*, 607 A.2d 204 (Pa. 1992) this Court ordered a nine-day nomination-petition-circulation period for congressional candidates. *See id.* at 244. Notably, candidates for state legislative office require significantly fewer petition signatures than candidates for congressional office. *Compare* 25 P.S. § 2872.1(12) (1,000 signatures required for congressional candidate), *with id.* § 2871.1(13) (500 signatures requires for candidate for

| Event | Current Deadline for Legislative Election | Proposed Modified Deadline for Legislative Election |
|---|---|---|
| First day to circulate and file nomination papers | March 9, 2022 | March 30, 2022 |
| Last day for candidates who filed nomination petitions to withdraw their candidacy | March 23, 2022 | March 31, 2022 |
| Last day for the County Board of Elections to send remote military-overseas absentee ballots | March 28, 2022 | April 2, 2022[13] |
| Last day for the County Board of Elections to send all remaining military-overseas absentee ballots | April 1/2, 2022[14] | April 2, 2022 |
| Deadline to file objections to nomination petitions | March 15, 2022 (*seven-day period for filing objections to nomination petitions*) | April 4, 2022 (**six-day** *period for filing objections to nomination petitions*)[15] |
| Last day that may be fixed by the Commonwealth Court for hearings on objections that have been filed to nomination petitions | March 18, 2022 (*not later than 10 days after the last day for filing nomination petitions*) | April 7, 2022 (*not later than **nine** days after the last day for filing the nomination petitions*)[16] |

Pennsylvania Senate), *and id.* § 2871.14 (300 signatures required for candidate for Pennsylvania House of Representatives).

[13] *See* Marks II Aff. ¶ 21.

[14] *See supra* note 4.

[15] This Court ordered a six-day objection period in *Mellow v. Mitchell. See* 706 A.2d at 244.

[16] This Court may alter the deadlines governing the Commonwealth Court's resolution of objections to nomination petitions. *See Holt*, 38 A.3d at 721 n.10 ("as it respects the judicial function, the Election's Code deadlines [for resolving objections to nomination petitions] are understood … as 'directory'" rather than mandatory); *In re Bruno*, 101 A.3d 635, 678 (Pa. 2014) ("[t]he Supreme Court's supervisory power over the Unified Judicial System is beyond question" and includes "authority … over inferior tribunals").

| Event | Current Deadline for Legislative Election | Proposed Modified Deadline for Legislative Election |
|---|---|---|
| Last day for the Commonwealth Court to render decisions in cases involving objections to nomination petitions | March 23, 2022 (*not later than 15 days after the last day for filing nomination petitions*) | April 12, 2022 (*not later than **14** days after the last day for filing nomination petitions*)[17] |
| Last day for voters to register before the primary election | May 2, 2022 | [no deadline change] |
| Last day to apply for a mail-in or civilian absentee ballot | May 10, 2022 | [no deadline change] |
| Last day for County Boards of Elections to receive voted mail-in and civilian absentee ballots | May 17, 2022 | [no deadline change] |
| **Pennsylvania's 2022 primary election** | **May 17, 2022** (*ten weeks between last date for circulating and filing nomination petitions and primary election*) | [no deadline change] (***seven weeks** between last date for circulating and filing nomination petitions and primary election*) |
| The last day for County Boards of Elections to receive voted military-overseas ballots for the primary election for the primary election | May 24, 2022 | [no deadline change] |

For the reasons discussed above, *see supra* pages 9-10, Respondents respectfully request that the Court shorten to 3 days the period for appealing from the Commonwealth Court's decisions resolving objections to nomination petitions.

***** 

The Department will, of course, make every effort to comply with any schedule that the Court puts in place. To the extent the Court deems it necessary or

---

[17] *See supra* note 16.

appropriate, Respondents stand ready to provide testimony regarding appropriate
and feasible changes to the 2022 primary election calendar, and to assist the Court
in determining workable alternatives to the calendars proposed above.

Respectfully submitted,

HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER

Dated: February 14, 2022        By:   /s/ Robert A Wiygul
                                     Robert A. Wiygul (I.D. No. 310760)
                                     Cary L. Rice (I.D. No. 325227)
                                     John B. Hill (I.D. No. 328340)
                                One Logan Square, 27th Floor
                                Philadelphia, PA 19103
                                Tel: (215) 568-6200
                                Fax: (215) 568-0300

                                OFFICE OF ATTORNEY GENERAL
                                Caleb Curtis Enerson (I.D. No. 313832)
                                15th Floor, Strawberry Square
                                Harrisburg, PA 17120
                                1600 Arch St., Suite 300
                                Philadelphia, PA  19103
                                (717) 787-2717

                                TUCKER LAW GROUP
                                Joe H. Tucker, Jr. (I.D. No. 56617)
                                Dimitrios Mavroudis (I.D. No. 93773)
                                Jessica Rickabaugh (I.D. No. 200189)
                                Ten Penn Center
                                1801 Market Street, Suite 2500
                                Philadelphia, PA 19103
                                (215) 875-0609

                                *Counsel for Respondents*

## CERTIFICATION REGARDING PUBLIC ACCESS POLICY

I certify that this filing complies with the provisions of the Public Access

Policy of the Unified Judicial System of Pennsylvania: Case Records of the

Appellate and Trial Courts that require filing confidential information and

documents differently than non–confidential information and documents.

Dated: February 14, 2022                    /s/ *Robert A. Wiygul*

                                            Robert A. Wiygul

## IN THE SUPREME COURT OF PENNSYLVANIA

| | |
|---|---|
| CAROL ANN CARTER; et al., | |
| Petitioners, | |
| v. | No. 7 MM 2022 |
| LEIGH M. CHAPMAN, in her official capacity as the Acting Secretary of the Commonwealth of Pennsylvania; JESSICA MATHIS, in her official capacity as Director for the Pennsylvania Bureau of Election Services and Notaries, | |
| Respondents. | |
| PHILIP T. GRESSMAN; et al., | |
| Petitioners, | |
| v. | |
| LEIGH M. CHAPMAN, in her official capacity as the Acting Secretary of the Commonwealth of Pennsylvania; JESSICA MATHIS, in her official capacity as Director for the Pennsylvania Bureau of Election Services and Notaries, | |
| Respondents. | |

## AFFIDAVIT OF JONATHAN MARKS

Jonathan Marks, being duly sworn, deposes and says:

1.    I am the Deputy Secretary for Elections and Commissions for the Commonwealth's Department of State (the "Department").

2.    I was appointed to the position of Deputy Secretary for Elections and Commissions in February 2019.

3.      I have been with the Department since 1993.

4.      Prior to being appointed Deputy Secretary for Elections and

Commissions in 2019, I served as Commissioner of the Bureau of Commissions,

Elections and Legislation (the "Bureau") starting in October 2011.

5.      From 2008 to 2011, I served as the Chief of the Division of the

Statewide Uniform Registry of Electors.

6.      Prior to that, from 2004 to 2008, I served as the Chief of the Division

of Elections and Precinct Data with the Bureau.

7.      In my current role, I am responsible for overseeing the day-to-day

operations of election administration within the Department.

8.      Since I became the Commissioner of the Bureau in 2011, I have

supervised the administration of the Department's duties in more than 20 regularly-

scheduled elections and over 50 special elections.

9.      The next primary for all offices—statewide, congressional, and state

legislative—is scheduled for May 17, 2022.

10.      The current timeline of deadlines leading up to and related to the May

17, 2022 primary is as follows:

a.   The first day before the primary election to circulate and file

nomination petitions is February 15, 2022. (*See* 25 P.S. § 2868.)

b.   The last day before the primary election to circulate and file

nomination petitions is March 8, 2022. (*See* 25 P.S. § 2868.)

c. The first day before the primary election to circulate and file nomination papers is March 9, 2022. (*See* 25 P.S. § 2913(b).)

d. The Deadline to file objections to nomination petitions is March 15, 2022.  (*See* 25 P.S. § 2937.)

e. The last day that may be fixed by the Commonwealth Court for hearings on objections that have been filed to nomination petitions is March 18, 2022.  (*See* P.S. § 2937.)

f. The last day before the primary election for candidates who filed nomination petitions to withdraw their candidacy is March 23, 2022. (*See* 25 P.S. § 2874.)

g. The last day for the Commonwealth Court to render decisions involving objections to nomination petitions is March 23, 2022.  (*See* 25 P.S. § 2937.)

h. The last day before the primary election for the County Boards of Elections to send remote military-overseas absentee ballots is March 28, 2022. (*See* 25 Pa.C.S. § 3508(b)(1).)

i. The last day before the primary election for the County Boards of Elections to send all remaining military-overseas absentee ballots is

April 1, 2022, under state law, *see* 25 Pa.C.S. § 3508(a)(1), and April 2, 2022, under federal law, *see* 52 U.S.C. § 20302(a)(8)(A).[1]

j.   The last day before the primary election for voters to register is May 2, 2022. (*See* 25 P.S. § 3071.)

k.   The last day before the primary election to apply for a mail-in or civilian absentee ballot is May 10, 2022. (*See* 25 P.S. § 3146.2a(a).)

l.   The last day for County Boards of Elections to receive voted mail-in and civilian absentee ballots for the primary election is May 17, 2022. (*See* 25 P.S. § 3146.6(a).)

m.   Pennsylvania's 2022 general primary election is scheduled for May 17, 2022. (*See* 25 P.S. § 2753(a).)

n.   The last day for County Boards of Elections to receive voted military-overseas ballots for the primary election is May 24, 2022. (*See* 25 Pa.C.S. § 3511(a).)

11.   All of the deadlines set forth above are required by federal or state law.

---

[1] As a practical matter, the majority of these military-overseas ballots would typically be sent out on Friday, April 1, 2022.  County officials would then process any additional military-overseas ballot requests arriving on the 45th day, sending those ballots out on Saturday, April 2, 2022.

12.     The current elections schedule gives the Counties ten weeks to prepare for the primary election, between (a) the last date before the primary election for circulating and filing nomination petitions (currently March 8); and (b) the primary election date (May 17).

13.     Based on my experience, the Counties could fully prepare for the statewide and congressional primary election in nine weeks.

14.     In order to accomplish this, the Court would need to order a time period for circulating and filing nomination petitions that lasted two weeks, instead of three; and the nominations period would need to start on March 1, spanning two weeks and ending on the recommended revised deadline of March 15.

15.     Ideally, the Department and county boards of elections would have an opportunity, before the circulation and filing of nomination petitions begin, to fully update the Statewide Uniform Registry of Electors (SURE) system with information about the new districts.  In that event, the computerized tool used to generate nomination petitions would allow candidates to pre-populate all the information needed on the Candidate's Affidavit, as well as the information needed in the preamble portion of the nomination petition page, based on the specific office the candidate is seeking.  By contrast, with generic nomination petitions, candidates running in particular districts must manually fill in the District Number line on the Candidate's Affidavit and the District Number line and County of

Signers lines at the top of each nomination petition page.  These two lines will be blank when the petition forms are generated and printed.  Nonetheless, the computerized tool used to generate the generic nomination petitions will still pre-populate the rest of the information for the candidate's review.

16.    The Department believes that, by using generic nomination petitions, the Department could complete its preparations for circulating and filing nomination petitions quickly and in only a couple of days, by March 1, 2022.

17.    Although the use of generic nomination petitions is less than ideal, it will allow the election process to proceed in a timely manner, as necessitated under the unusual circumstances of the current election cycle.

18.    If the first date for circulating and filing nomination petitions for statewide and congressional races were moved from February 15 to March 1, the Department would need to have a final congressional plan in place by no later than **February 27, 2022**.

19.    The Legislative Reapportionment Commission ("LRC") adopted a Final Plan for the legislative districts on February 4, 2022.  If this Court were to expedite any briefing and argument on the appeals and enter a final ruling on the legislative Final Plan by **March 18, 2022**, the May 17 primary date could (if the Final Plan is determined to be lawful) also remain in place for the state legislative races.

20.     The Court would also need to order a period for circulating and filing nomination petitions that lasted nine days, instead of three weeks; and the nominations period would need to start on March 20, spanning nine days and ending on the recommended revised deadline of March 29.

21.     Finally, the Court would need to adjust the date by which the County Boards of Elections must send remote military-overseas absentee ballots from March 28, 2022 to April 2, 2022, to allow time for the Secretary to conduct the lottery to determine the position of candidate names and order in which the names will appear on the primary ballot before the remote military-overseas absentee ballots must go out.  For administrative efficiencies and to align the calendars as much as possible, it would be preferable to have April 2, 2022, as the deadline for this task under the congressional calendar as well.

22.     Having separate primaries would likely cause voter confusion, depress voter participation, and cost taxpayers tens of millions of dollars, and would present county election offices with significant logistical challenges, including the recruitment of poll workers.

23.     Should the Court modify existing deadlines, the Department will make every effort to comply with any schedule that the Court puts in place.

The foregoing is true and correct to the best of my knowledge, information, and belief and is subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Date:  February 14, 2022

_____
Jonathan Marks