# MITCHELL LAW

Jonathan F. Mitchell
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 tel
(512) 686-3941 fax
jonathan@mitchell.law

February 25, 2022

Honorable Jennifer P. Wilson
United States District Court
Middle District of Pennsylvania
228 Walnut Street
Harrisburg, Pennsylvania 171011

Re:   *Toth v. Chapman*, No. 1:22-CV-00208-JPW

Dear Judge Wilson:

The text of 28 U.S.C. § 2284(b)(1) is clear. When the plaintiffs submitted their request to convene a three-judge panel on February 11, 2022, the court was required to "immediately" notify the chief judge of the U.S. Court of Appeals for the Third Circuit. The only exception to this immediate-notification rule is if the court "determines that three judges are not required":

> Upon the filing of a request for three judges, the judge to whom the request is presented shall, unless he determines that three judges are not required, *immediately notify* the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge.

28 U.S.C. § 2284(b)(1) (emphasis added). This Court has not made any determination that three judges are not required, so it cannot escape the immediate-notification command of section 2284(b)(1). The Court should have notified the chief judge two weeks ago, and it should promptly provide the required notice without further delay.

The defendants and proposed intervenors claim that a three-judge panel cannot be convened unless and until this Court determines that it has subject-matter jurisdiction over the case. That is nonsense. The statute requires that a three-judge panel be convened "immediately" upon request, unless this Court determines that "three judges are not required." 28 U.S.C. § 2284(b)(1). And the law requires a three-judge district court to be convened whenever an action is "filed" that challenges "the constitutionality of the apportionment of congressional districts." 28 U.S.C. § 2284(a); *see also id*. ("A district court of three judges shall be convened when otherwise required by Act of Congress, or *when an action is filed* challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." (emphasis added)).

The *only* role for this Court is to determine: (1) whether an action has been "filed"; and (2) whether that action is "challenging the constitutionality of the apportionment of congressional districts." 28 U.S.C. § 2284(a). Unless this Court determines that those conditions have not been met, it must "immediately" notify the chief judge as required by 28 U.S.C. § 2284(b)(1). The statute does not allow a single district court to unilaterally resolve the defendants' jurisdictional objections before convening the three-judge panel— and it does not permit any delay in convening the three-judge panel absent a "determination" that "three judges are not required." No such determination has been made, and the notice required by 28 U.S.C. § 2284(b)(1) is already two weeks late.

The defendants and proposed intervenors think this Court should ignore the unambiguous text of 28 U.S.C. § 2284 because of a passage in *Shapiro v. McManus*, 577 U.S. 39 (2015), which says:

> Absent a substantial federal question, even a single-judge district court lacks jurisdiction, and "[a] three-judge court is not required where the district court itself lacks jurisdiction of the complaint or the complaint is not justiciable in the federal courts."

*Id*. at 44–45 (quoting *Gonzalez v. Automatic Employees Credit Union*, 419 U.S. 90, 100 (1974)). It is certainly true that a single district judge can (and must) immediately dismiss a case upon *determining* that it lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). And a single district judge can (and must) take this step before convening a three-judge panel if it has *already determined* that it lacks subject-matter jurisdiction over the action. But this Court has not made any such determination that it lacks subject-matter jurisdiction, so it cannot escape the immediate-notice requirement of 28 U.S.C. § 2284(b)(1). *Shapiro* does not authorize this Court to box out the three-judge panel from deciding the disputed jurisdictional questions in this case, and it does not authorize delay in the immediate-notice regime of 28 U.S.C. § 2284(b)(1). *Shapiro* allows a single judge to dismiss a redistricting lawsuit only in response to an immediate and obvious lack of subject-matter jurisdiction that prohibits the Court from taking any further steps in the litigation. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.") (*quoting Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1869)). That is not the situation here, and the defendants' standing and justiciability objections must be decided after the three-judge district court has been convened.

The only way that this Court can escape the command of section 2284(b)(1) is to make an "immediate" (if belated) determination that this action is not "challenging the constitutionality of the apportionment of congressional districts" within the meaning of section 2284(a). The defendants do not even argue this point, spending their entire letter complaining about standing and justiciability issues that this Court has no authority to resolve in the absence of a three-judge panel. The proposed intervenors eventually get around to addressing the text of section 2284(a) near the end of their letter, and they claim

that the plaintiffs are not challenging "the constitutionality of the apportionment of congressional districts" because they filed their original complaint 12 days before the state supreme court ordered state election officials to implement the Carter map. But the plaintiffs filed their lawsuit in anticipation of the state supreme court's actions, and their complaint made clear that the state supreme court was about to impose a congressional map in violation of the Elections Clause and 2 U.S.C. § 2a(c)(5). *See* Complaint, ECF No. 1, ¶ 27; *id.* at ¶ 41 ("The Elections Clause forbids the defendants to implement a congressional map that was drawn by the Supreme Court of Pennsylvania"); *id.* at ¶ 42 ("The Supreme Court of Pennsylvania is constitutionally forbidden to replace the fallback regime that Congress has established in 2 U.S.C. § 2a(c)(5) with a court-drawn map—and the state's election officials are constitutionally obligated to implement 2 U.S.C. § 2a(c)(5) over any contrary command that might emanate from the state judiciary."). This is clearly challenging the constitutionality of the "apportionment of congressional districts" that the state supreme court was about to impose on the state, even though the state supreme court had not yet chosen from among the unconstitutional maps that had been imposed.

In all events, the plaintiffs will file an amended complaint later tonight that makes abundantly clear that the plaintiffs are indeed challenging the "the apportionment of congressional districts" that the state supreme court actually imposed, and their pleading will include an additional claim that the Carter map adopted by the state supreme court is malapportioned in violation of *Wesberry v. Sanders*, 376 U.S. 1 (1964). This will be more than enough to remove any doubts that the plaintiffs are "challenging the constitutionality of the apportionment of congressional districts" within the meaning of section 2284(a), which will trigger the Court's immediate-notice obligations under section 2284(b)(1).

        Respectfully submitted.

        */s/ Jonathan F. Mitchell*
        JONATHAN F. MITCHELL
        *Counsel for Plaintiffs*

cc:     All counsel of record (via CM/ECF)