UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM C. TOTH, JR., et al, *Plaintiffs,*  <br><br> v. <br><br> LEIGH M. CHAPMAN, in her official capacity as Acting Secretary of the Commonwealth; JESSICA MATHIS, in her official capacity as Director for the Pennsylvania Bureau of Election Services and Notaries; and TOM WOLF, in his official capacity as Governor of Pennsylvania, <br><br> *Defendants.* | No. 1:22 Civ. 208 (JPW) |

### DEFENDANTS' UNOPPOSED MOTION FOR ENLARGEMENT OF WORD LIMIT FOR THEIR BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Local Rule 7.8(b)(3), Defendants Leigh M. Chapman, Acting Secretary of the Commonwealth of Pennsylvania; Jessica Mathis, Director for the Pennsylvania Bureau of Election Services and Notaries; and Tom Wolf, Governor of Pennsylvania ("Defendants") respectfully move for an enlargement of the word limit applicable to their forthcoming brief in opposition to Plaintiffs' motion for a preliminary injunction (ECF 10), which is due on March 8, 2022. Specifically,

Defendants seek leave to file a brief not to exceed 10,000 words. In support of this motion, Defendants state as follows:

1. Plaintiffs' pending motion for a preliminary injunction[1] is based on their First Amended Complaint (ECF 7).[2] In that pleading, Plaintiffs make the novel argument—contradicted by decades of established practice and multiple decisions by the Supreme Court of the United States—that the Elections Clause of the U.S. Constitution prohibits state courts from engaging in congressional redistricting, even where, as here, the political branches have failed to enact a congressional district plan. Based on this theory, Plaintiffs seek "preliminary" injunctive relief that would (i) throw out the congressional map for Pennsylvania that was adopted by the Pennsylvania Supreme Court on February 23, 2022, and (ii) require the Commonwealth to hold statewide at-large congressional elections for the first time since the 18th century. Plaintiffs also seek to overturn the

---

[1] Plaintiffs' motion sought a temporary restraining order (TRO) as well as a preliminary injunction. By Order dated February 25, 2022 (ECF 43), this Court denied the TRO request.

[2] On February 27, 2022, Plaintiffs filed a motion for leave to file a second amended complaint (ECF 48), which the Court granted on February 28, 2022 (ECF 55). Plaintiffs' Second Amended Complaint adds a Count alleging that the congressional district plan adopted by the Pennsylvania Supreme Court on February 23, 2022, is unconstitutionally malapportioned because there is a two-person difference in population size among its districts. (*See* ECF 49 ¶¶ 68-74.) But Plaintiffs have not filed a new motion for preliminary injunctive relief since filing their Second Amended Complaint, and their pending motion is not based on this new claim.

2

Pennsylvania Supreme Court's scheduling order confirming election deadlines, notwithstanding that (i) candidates and election officials across the Commonwealth have relied on this schedule, and (ii) all parties in the state redistricting litigation (including leaders of the General Assembly) recognized the Pennsylvania Supreme Court's authority to issue the order.[3]

2. Under Local Rule 7.8(b), absent leave of the Court, Defendants' brief in opposition to Plaintiffs' motion for preliminary injunction is limited to the greater of 15 pages or 5,000 words.

3. Defendants respectfully submit that an enlarged word limit for their opposition brief is appropriate given (i) the number and nature of issues that Defendants must address in their opposition; and (ii) the public interest implicated by the sweeping, unprecedented relief that Plaintiffs request.

---

[3] As noted, Plaintiffs' motion for a preliminary injunction was filed before the Pennsylvania Supreme Court entered its February 23, 2022 Order adopting a congressional district plan and making modest modifications to the election calendar to account for certain preliminary deadlines that had already elapsed. Nonetheless, it is clear that the effect of the preliminary injunctive relief sought in Plaintiffs' motion would be as described above. (*See* ECF 10 (seeking a "preliminary injunction that restrains the defendants from departing from the General Primary Calendar prescribed by the Pennsylvania legislature, and that requires the defendants to conduct at-large elections for the Pennsylvania congressional delegation unless and until the General Assembly of Pennsylvania enacts a new congressional map").)

4. Defendants must address a significant number of distinct topics in their Opposition. As noted, Plaintiffs' motion asserts two different claims[4]: (i) that Defendants' implementation of the congressional map adopted by the Pennsylvania Supreme Court violates the Elections Clause of the U.S. Constitution and 2 U.S.C. § 2a(c)(5); and (ii) that Defendants' compliance with the Pennsylvania Supreme Court's scheduling order also violates the Elections Clause. (*See* ECF 11 at 1-3.)

5. Because a party moving for a preliminary injunction must demonstrate, *inter alia*, "a reasonable probability of prevailing on the merits," *New Dana Perfumes Corp. v. The Disney Store, Inc.*, 131 F. Supp. 2d 616, 626 (M.D. Pa. 2001) (citing *Allegheny Energy, Inc. v. DQE, Inc.*, 171 F.3d 153, 158 (3d Cir. 1999)), Defendants will demonstrate the flaws in Plaintiffs' theory of how the Elections Clause applies to state judicial redistricting.

6. In addition, Defendants will show that Plaintiffs' claims fail at the threshold, such that the Court need not reach the merits of Plaintiffs' Elections Clause theories. In particular, Defendants will demonstrate that (i) Plaintiffs lack standing to assert their claims; and (ii) Plaintiffs lack any viable right of action.

7. Defendants also intend to address Plaintiffs' failure to satisfy the other three elements of the test for a preliminary injunction—*i.e.*, to show that Plaintiffs do not and cannot show "a probability of immediate irreparable harm if relief is

---

[4] *See supra* note 2.

denied"; that "the hardship to the non-moving party is not greater than the harm avoided by the moving party"; or that "preliminary injunctive relief is in the public interest." *Id.*

8. Indeed, apart from the flaws in Plaintiffs' legal theories, the equities militate overwhelmingly against an award of the relief Plaintiffs seek. As Defendants will show, issuing an injunction at this late juncture would unjustly reward Plaintiffs after they sat on their hands for months. It would also sow chaos and confusion in the electoral process—all at the direct expense of the Commonwealth's voters, political candidates, parties, and election officials, who have already placed substantial reliance on the redistricting map and primary election deadlines confirmed by the Order of the Pennsylvania Supreme Court. Defendants will need sufficient space in their brief to set forth the facts establishing both Plaintiffs' inexcusable delay and the extent and nature of the harm that would be wrought by the relief they demand.

9. Given the unprecedented nature of the relief sought by Plaintiffs, as well as the profoundly disruptive effects it would have on Pennsylvania's election administration, candidates, and all Pennsylvania voters, it is particularly important that the Court have the benefit of comprehensive briefing that fully and adequately addresses all relevant issues.

10. This motion is timely filed under Local Rule 7.8(b)(3), which requires that a motion seeking authorization to exceed the word limit "shall be filed at least two (2) working days before the brief is due." Defendants' opposition to Plaintiffs' motion for preliminary injunction is due on Tuesday, March 8, 2022. (*See* ECF 43.)

11. In accordance with the Local Rules, Defendants have sought Plaintiffs' and Intervenors' respective positions on the current motion. As reflected in the attached Certificate of Concurrence, neither Plaintiffs nor Intervenors oppose Defendants' request.

WHEREFORE, Defendants respectfully request that the Court grant their motion and enter an Order in the form attached hereto.

Dated: March 4, 2022

Respectfully submitted,

HANGLEY ARONCHICK SEGAL
PUDLIN & SCHILLER

By: */s/ Robert A Wiygul*
 Robert A. Wiygul (I.D. No. 310760)
 Cary L. Rice (I.D. No. 325227)
 (admitted pro hac vice)
 John B. Hill (I.D. No. 328340)
 (admitted pro hac vice)
One Logan Square, 27th Floor
Philadelphia, PA 19103
Tel: (215) 568-6200
Fax: (215) 568-0300

KAPLAN HECKER & FINK LLP
Joshua A. Matz
(admitted pro hac vice)
1050 K Street NW, Suite 1040
Washington, DC 20001
Tel: (929) 294-2537

STATES UNITED DEMOCRACY CENTER
Marina Eisner
(admitted pro hac vice)
Christine P. Sun
(admitted pro hac vice)
1101 17th Street, NW
Washington, DC 20036
Tel: (240) 600-1316

PENNSYLVANIA OFFICE OF ATTORNEY GENERAL
Michael J. Fischer
(Pa. I.D. No. 322311)
(application for admission forthcoming)
Aimee D. Thomson
(Pa. I.D. No. 326328)
(application for admission forthcoming)
1600 Arch Street, Suite 300
Philadelphia, PA 19103
Tel: (215) 560-2171

*Counsel for Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM C. TOTH, JR., et al,<br>*Plaintiffs,*<br><br>v.<br><br>LEIGH M. CHAPMAN, in her official capacity as Acting Secretary of the Commonwealth; JESSICA MATHIS, in her official capacity as Director for the Pennsylvania Bureau of Election Services and Notaries; and TOM WOLF, in his official capacity as Governor of Pennsylvania,<br><br>*Defendants.* | No. 1:22 Civ. 208 (JPW) |

## CERTIFICATE OF CONCURRENCE

I, Robert A. Wiygul, hereby certify pursuant to Local Civil Rule 7.1 that counsel for Defendants sought concurrence in the foregoing motion from counsel for Plaintiffs and counsel for the Carter Intervenors. Counsel for Plaintiffs stated that they would not oppose Defendants' motion provided that Defendants would not oppose a request for an equivalent word-length extension for Plaintiffs' Reply in support of their motion for a preliminary injunction, to which Defendants

agreed.  Counsel for the Carter Intervenors stated that they do not oppose Defendants' motion.

Dated:  March 4, 2022                              /s/ *Robert A. Wiygul*
                                                             Robert A. Wiygul

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of March, 2022, a true and correct copy of the foregoing Defendants' Unopposed Motion for Enlargement of Word Limit for Their Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction was served upon all counsel of record via the Court's CM/ECF electronic filing system.

/s/ *Robert A. Wiygul*
Robert A. Wiygul