IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM C. TOTH, JR, et al,<br><br>*Plaintiffs*,<br><br>v.<br><br>LEIGH M. CHAPMAN, in her official capacity as Acting Secretary of the Commonwealth; JESSICA MATHIS, in her official capacity as Director for the Pennsylvania Bureau of Election Services and Notaries; and TOM WOLF, in his official capacity as Governor of Pennsylvania,<br>　　　　　　*Defendants*. | Case No. 1: 22-CV-208 |

## AFFIDAVIT OF JONATHAN MARKS

I, Jonathan Marks, being duly sworn, hereby state as follows:

1. I am the Deputy Secretary for Elections and Commissions for the Commonwealth's Department of State.

2. Through my role as Deputy Secretary for Elections and Commissions, I am familiar with Pennsylvania's election administration processes.

3. Since the Pennsylvania Supreme Court adopted the "Carter" redistricting plan and modified the election schedule on February 23, 2022, the Commonwealth's election officials have undertaken significant steps to implement both the modified election schedule and the new redistricting map.

4. For example, the Secretary of State has rearranged staffing, internal schedules, and other administrative priorities to ensure the election is administered in conformity with Pennsylvania's redistricting map and modified election schedule.

5. In addition, Pennsylvania election officials have begun updating the Commonwealth's Voter registry.

6. Updating the Commonwealth's voting registry is a time-intensive task.

7. The registry is widely relied upon by political parties, candidates, voters, and Commonwealth election officials.

8. Candidates rely on the Commonwealth's voting registry to solicit signatures for nominating petitions, and election officials use it to send the appropriate ballots to voters, including military, overseas, and absentee voters.

9. The Department of State has already posted the revised election schedule on its website and has informed primary candidates, journalists, and county officials that they may rely on those new deadlines for the 2022 primary election.

10. Many candidates have already relied on the updated election schedule. For example, the Pennsylvania Supreme Court revised the first day to circulate and file nomination petitions to February 25, 2022. Because the period to circulate nomination petitions began over ten days ago, and ends in one week, it is my understanding that candidates seeking nomination have been acting on reliance on this revised schedule.

11. If the Pennsylvania Supreme Court's schedule were disturbed, some of these candidates may fail to submit a proper petition in time or perhaps be unable to collect the necessary number of signatures to support their candidacy.

12. As a result, in some districts it is possible that no candidates may qualify for the ballot through the nomination petition process.

13. Forcing the Commonwealth and its officials to transition from district-based voting to at-large voting would create a series of serious practical concerns.

14. I anticipate that as many as 100 candidates (and at the very least, dozens for each party primary) will seek federal congressional office in Pennsylvania.

15. An at-large election with this many candidates would require election officials in many counties to prepare, test, and print multi-page ballots for every eligible voter.

16. Those multi-page ballots would be even more extensive for the May 2022 primaries, for which counties must also print the names of candidates for multiple statewide, legislative, and state and local party offices.

17. Many Pennsylvania voters—particularly in rural jurisdictions—are unfamiliar with ballots that present them with a large number of options and that require them to select a sizeable number of candidates.

18.   If Pennsylvania were required to hold an at-large election, voters would be required to select up to 17 candidates from a large slate of candidates. This would represent a radical departure from typical Pennsylvania congressional elections, where voters select only one congressional candidate for their respective districts, and would pose significant concerns about voter confusion in completing ballots.

19.   Moreover, ballots with a large number of options present a heightened risk that voters will elect representatives based on where in the list of candidates an individual candidate appears, rather than based on other criteria.

20.   Separate of the risk of voter confusion, many county election officials are inexperienced at dealing with multi-page ballots, which creates an increased risk of administrative error in the processing and tabulation of votes.

21.   In the event the Commonwealth were directed to conduct statewide at-large congressional elections, officials would be required to reprogram ballot tabulators to accept multi-page ballots, and would have to remind voters to properly insert both pages of the ballot into the scanners attached to the ballot boxes. This, too, creates a heightened risk of administrative error and voter confusion.

22.   Some counties may not have sufficient paper to print a multi-ballot for the upcoming primary election and may face obstacles obtaining sufficient paper due to supply chain backlogs of up to 10 to 12 weeks.

23. Printing ballots for an at-large election may also increase postage costs if the ballot weight exceeds the standard first-class weight limits. Some counties may not have budgeted for this additional cost, creating yet another potential burden.

24. I declare under the penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Dated: March 8, 2022

_____
Jonathan Marks

Sworn and subscribed before me this
8th day of March, 2022

_Cheryl Spackman_
Notary Public or
Official Administering Oath

> Commonwealth Of Pennsylvania - Notary Seal
> Cheryl Spackman, Notary Public
> Dauphin County
> My Commission Expires September 14, 2025
> Commission Number 1250186

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of March 2022, a true and correct copy of the foregoing affidavit was served upon all counsel of record via the court's CM/ECF electronic filing system.

Dated:       March 8, 2022                                 /s/ Joshua Matz
                                                                              Joshua Matz