# Exhibit E

## IN THE SUPREME COURT OF PENNSYLVANIA

| | |
|---|---|
| CAROL ANN CARTER; MONICA PARRILLA; REBECCA POYOUROW; WILLIAM TUNG; ROSEANNE MILAZZO; BURT SIEGEL; SUSAN CASSANELLI; LEE CASSANELLI; LYNN WACHMAN; MICHAEL GUTTMAN; MAYA FONKEU; BRADY HILL; MARY ELLEN BALCHUNIS; TOM DEWALL; STEPHANIE MCNULTY; and JANET TEMIN,<br><br>          Petitioners,<br>  v.<br><br>LEIGH M. CHAPMAN, in her official capacity as the Acting Secretary of the Commonwealth of Pennsylvania; JESSICA MATHIS, in her official capacity as Director for the Pennsylvania Bureau of Election Services and Notaries,<br><br>          Respondents. | No. 7 MM 2022 |
| PHILIP T. GRESSMAN; RON Y. DONAGI; KRISTOPHER R. TAPP; PAMELA GORKIN; DAVID P. MARSH; JAMES L. ROSENBERGER; AMY MYERS; EUGENE BOMAN; GARY GORDON; LIZ MCMAHON; TIMOTHY G. FEEMAN; and GARTH ISAAK,<br><br>          Petitioners,<br>  v.<br><br>LEIGH M. CHAPMAN, in her official capacity as the Acting Secretary of the Commonwealth of Pennsylvania; JESSICA MATHIS, in her official capacity as Director for the Pennsylvania Bureau of Election Services and Notaries,<br><br>          Respondents. | |

**DECLARATION OF JONATHAN RODDEN, Ph.D.**

1. I, Jonathan Rodden, am an adult individual over the age of eighteen (18) and competent to testify as to the matters set forth below.

2. On January 24, 2022, I produced to the Commonwealth Court a congressional redistricting plan (the "Carter Plan"), which I created as described in my initial expert report.

3. On February 7, 2022, counsel for the *Carter* Petitioners asked me to revise the Carter Plan solely to further equalize population across districts and achieve no more than a one-person population deviation where possible.

4. In the previous Carter Plan, I had allowed districts to be either exactly at the target population (4 districts), one person over (4 districts), or one person under (9 districts). In the revised plan, I no longer allow any districts to be one person over. In the revised plan, 12 districts are exactly at the target population and 5 districts are one person below.

5. To do this, I revisited each location along each border where I had either worked with a specific combination of Vote Tabulation Districts ("VTD") or split a single VTD to equalize population across districts. In most cases, I split the same VTD, but used a slightly different arrangement of census blocks in order to make the requisite one-person change in district population. In one location, due to coarseness in the sizes of blocks that

prevented me from achieving the target population total using the blocks in the VTD I had initially split, I split a *different* adjoining VTD, keeping whole the VTD that had been split in the initial Carter Plan. In other words, I did not split an additional VTD, but rather, split an alternative adjoining VTD.

6. In one location, the intersection of Districts 3 and 5 in South Philadelphia, I had been able to avoid splitting any VTDs in the initial Carter Plan. This was no longer possible in my pursuit to achieve zero population deviation, so I had to split an additional VTD in order to achieve zero population deviation between these two districts.

7. Other than this additional VTD split in South Philadelphia, these changes that I made to minimize population deviation do not affect the plan-wide metrics reported for the Carter Plan in the expert submissions I made on January 24 and 26 or in my Commonwealth Court testimony on January 27. In other words, the only change to the reported metrics is an increase in the number of VTD splits, from 14 to 15.

8. The following map depicts the Carter Plan, for which a block equivalency file and shape file were submitted to the Commonwealth Court on January 24, 2022.



9. The following map depicts my revised congressional plan (the "Carter Revised Plan"), for which a block equivalency file and shape file are available to download at https://ballardspahr.sharefile.com/d-s028ac6af696b4e0ea9122cc758dd4855.



10. I declare under the penalty of perjury that the foregoing is true and correct. The statements contained in this Declaration are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

Executed on February 14, 2022       _____
                                    Jonathan Rodden